## OLIVER *v*. BOLINGER.

Opinion delivered November 22, 1920. ·

1. PUBLIC LANDS—REFUNDING PURCHASE MONEY.—Under Const., art. 5, § 28, and art. 16, § 12, providing that money shall not be paid out of the treasury until appropriated by law, money paid for lands forfeited to the State for taxes can not be repaid on a re-funding certificate of the Commissioner of State Lands without a specific appropriation therefor.

2. STATES—DUTY OF AUDITOR TO DRAW WARRANTS.—Kirby's Dig., §§ 3405-6, 4905-6, 4912, requiring the Auditor to issue warrants for the refund of money paid for lands forfeited to the State, are not in conflict with section 3415, prohibiting the Auditor from drawing a warrant unless the money has been previously appropriated by law, and such warrants should not be issued until an appropriation therefor has been made.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk*, Judge; reversed.

*John D. Arbuckle*, Attorney General, and *Silas W. Rogers*, Assistant, for appellant.

Section 29, article 5, Constitution 1874, directs the manner in which all moneys shall be paid out of the State treasury. All statutory enactments to the contrary are void and of no force whatever. This section has often been interpreted as upholding appellant's position. Under Kirby's Digest, §§ 3405-6, 4905-6 and 4912, it was incumbent upon the State Auditor to issue his warrant. 125 Ark. 101. It was clearly the duty of the Auditor to refuse to issue the warrant as the Treasurer was not authorized to pay same.

*Allen H. Hamiter* and *T. D. Crawford*, for appellee.

It was the duty of the Auditor to issue the warrant for the refunding the purchase money of land to which the State had no title at the time the Land Commissioner sold it to Bohlinger. Many statutes have been passed which afford relief in such cases. Kirby's Digest, §§ 3405, 4905-6. It was clearly the Land Commissioner's duty to issue a refunding certificate to the purchaser and

of the Auditor to issue a warrant. Kirby's Digest, *supra.* Art. 5, § 29 of the Constitution does not prohibit the *issuance of warrants,* but only forbids the money to be drawn from the treasury except where there is specific appropriation. The statutes do not conflict with the Constitution. Kirby's Dig., § 3415, is taken from Rev. Stat. chap. 18, § 17, and there is no sound reason why any one who has a valid claim against the State should not receive a warrant, whether or not there is money in the treasury to pay it. Kirby's Dig., § 4755. No legislative appropriation is necessary. Such money does not *belong to the State,* and no appropriation is necessary for money paid by mistake, and such an act does not violate article 5, section 29 of the Constitution. The land did not belong to the State nor did the money, and she properly directed her officers to return the money to which she had no rightful claim. The acts which we have set out are clearly constitutional.

HUMPHREYS, J. This suit originated in the Second Division of the Pulaski Circuit Court, and is a mandamus proceeding by appellee against appellant to compel the issaunce of a warrant by the State Auditor, directing the State Treasurer to pay appellee $300, which was paid into the treasury by appellee in consideration of certain lands which had been forfeited to the State of Arkansas for the nonpayment of taxes due thereon for the years 1896 and 1897. The money was paid into the treasury and the deed procured from the State Land Commissioner, pursuant to statutes of the State governing the sale of lands forfeited and certified to it for the nonpayment of taxes. Prior to the sale of the land by the State to appellee, the State had, by legislative grant, conveyed the identical land to the Red River Levee District No. 1 in aid of a drainage scheme, which grant contained a number of conditions. A contest arose between the two grantees of the State over the title to the land. It was contended by appellee that, on account of the nonperformance of the conditions contained in the land

grant to the levee district, the conditions in the grant had failed, and that the title to the land had reverted to the State. This contest resulted in a final decree to the effect that the legislative grant to the levee district was an absolute, and not a conditional, grant, and that the lands belonged to the levee district, never having reverted to the State. Thereafter, on April 13, 1920, appellee procured a refunding certificate from the Commissioner of State Lands, directing the Auditor upon presentation of the certificate to issue a warrant to appellee for the sum of $300. Upon presentation of the certificate the Auditor refused to issue a warrant on the ground that no appropriation had been made to cover it, and this suit followed.

It is contended by appellant that, under sections 3405, 3406, 4905, 4906 and 4912 of Kirby's Digest, it was incumbent upon the State Auditor to issue a warrant to cover the amount paid into the State treasury by appellee in consideration of the conveyance aforesaid. The statutes aforesaid contain ample authority for the issuance of the warrant by the Auditor and the payment thereof by the Treasurer, if any money had been specifically appropriated by the Legislature for the purpose. No such appropriation has been made by the Legislature. The statutes, to which our attention has been called, are necessarily limited in operation and effect by the constitutional provisions controlling the withdrawal of money from the State treasury. There are two provisions in the Constitution of 1874 governing the manner in which money in the State treasury may be drawn or paid out. The sections are as follows:

Section 29, article 5. "No money shall be drawn from the treasury except in pursuance of specific appropriation made by law, the purpose of which shall be distinctly stated in the bill; and the maximum amount which may be drawn shall be specified in dollars and cents; and no appropriation shall be for a longer period than two years."

Section 12, article 16. "No money shall be paid out of the treasury until the same shall have been appropriated by law; and then only in accordance with said appropriation."

In construing these sections of the Constitution, this court said, in the case of *Dickinson* v. *Clibourn*, 125 Ark. 101, that "a specific appropriation is an absolute prerequisite to the drawing from or payment out of the State treasury of any money therein required to be appropriated. No money for general, ordinary, special, contingent or other expense, no money at all, can be legally drawn therefrom, except under the forms of law in accordance with an appropriation properly made." The effect of this construction is to prevent money, which has been deposited in the State treasury through forms of law, from being withdrawn without specific appropriations first made by the Legislature. The money in the instant case was paid into the treasury through statutes providing for the purchase of lands which had been forfeited to the State for the nonpayment of taxes. The money thus paid in comes strictly within the prohibition against paying money out of the treasury without specific appropriations therefor. We think there is nothing in the contention that the Auditor should be required to issue the warrant, even if the Treasurer is without authority to pay it. The statutes cited by appellant are as obligatory upon the Treasurer to pay the warrant as upon the Auditor to draw it. It would be an entirely useless ceremony for the Auditor to draw a warrant upon the treasury which could not be collected from or paid by the Treasurer. Again, there is a statute which specifically forbids the Auditor to draw a warrant against the State treasury unless the money has been previously appropriated by law to pay it. The statute referred to is section 3415 of Kirby's Digest and reads as follows: "No warrants shall be drawn by the Auditor or paid by the Treasurer, unless the money has been previously appropriated by law, nor shall the amount drawn for or paid under any one head ever exceed the

amount appropriated by law for that purpose." We do not think that statute in conflict with the statutes cited by appellant. All may become effective and operative after, but not before, an appropriation has been made in accordance with law to cover the amount for which the warrant is to be drawn or issued.

For the error indicated, the judgment is reversed and the cause remanded with directions to dismiss the application for a writ of mandamus.